| | |
|---|---|
| GARY T. DOTSON | ) C/A No. 01A01-9811-CV-00596 |
| | ) DAVIDSON COUNTY |
| Petitioner-Appellant | ) Circuit No. 98C-1021 |
| | ) |
| v. | ) |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION and TURNEY CENTER | ) |
| INDUSTRIAL PRISON DISCIPLINARY | ) |
| BOARD | ) |
| | ) |
| Respondents-Appellees | ) |

**FILED**

**June 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY

THE HONORABLE WALTER C. KURTZ, JUDGE


Gary T. Dotson
TDOC No. 127594
Turney Center, Route 1
Only, TN 37140

     Pro Se, Appellant

Paul G. Summers
Attorney General and Reporter

Michael E. Moore
Solicitor General

Sohnia W. Hong, BPR #17415
Assistant Attorney General
Environmental Division
425 Fifth Avenue North
Nashville, TN 37243

     Attorneys for Respondents-Appellees


**AFFIRMED AND REMANDED**


       **Houston M. Goddard, Presiding Judge**

CONCUR:

Franks, J.
Susano, J.

This is a suit by Gary T. Dotson, an inmate in the custody of Tennessee Department of Corrections at Turney Center Industrial Prison, seeking reversal of a determination that he was denied due process rights in a hearing which resulted in a finding that he had failed a drug screen test and should be punished as follows: (1) five (5) days of punitive segregation, suspended for sixty (60) days;[1] (2) loss of six (6) months of visitation privileges; and (3) payment of seventeen dollars and fifty cents ($17.50) for the drug screen.

The Trial Court granted a summary judgment in favor of the Respondents, resulting in this appeal wherein Mr. Dotson insists there are disputed material facts precluding summary judgment and that he was not given sufficient time to complete discovery depositions before the hearing.

The Trial Court principally relied on a case decided by the Supreme Court of the United States in granting the summary judgment and employed the following language:

> In <u>Sandin v. O'Conner</u>, _____ U.S. _____, 115 S.Ct. 2293 (1995), the court held that a prisoner did not have a protected liberty interest in remaining free from disciplinary segregation. The court held that the punishment of incarcerated prisoners does not impose

---

[1] The record does not show the meaning of the phrase "suspended for 60 days." We assume it means that if Mr. Dotson is guilty of no more infractions for a 60-day period, the five-day punishment would not be imposed.

retribution in lieu of a valid conviction, rather it effectuates prison management and prisoner rehabilitative goals. the court noted that while prisoners do not shed all constitutional rights at the prison gate, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." The court ruled that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." In the case of a prisoner, the Due Process Clause protects against the imposition of atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

In the case at hand, the disciplinary board punished Mr. Dotson as follows: (1) five (5) days of punitive segregation, suspended for sixty (60) days; (2) loss of six (6) months of visitation privileges; and (3) payment of seventeen dollars and fifty cents ($17.50) for the drug screen. This punishment fails to rise to the level of imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Friedman v. Bass. Accordingly, the defendant's motion for summary judgment is granted.

We concur in the Trial Court's application of Sandin to the fact of this case.

Subsequent to entry of the summary judgment, Mr. Dotson made a motion to alter or amend which, as already noted, raises the issue of Mr. Dotson's not being given sufficient time to obtain discovery depositions. The Court resolved this issue by the following language in which we also concur:

On September 3, 1998 the Court entered a memorandum opinion granting the motion for summary judgment and dismissing the case. The Court ruled that Mr. Dotson's petition for a writ of certiorari must be dismissed because the prison disciplinary board's punishment imposed on Mr. Dotson failed to rise to the

3

level of imposing an atypical and significant hardship on him in relation to the ordinary incidents of prison life which would give rise to due process protections. The court does not believe that an extension of time in any amount will change this result. The motion to alter or amend judgment is denied. Costs are taxed to the petitioner.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Dotson.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.

4